RECEIVED

JUL 1 3 2017

Legal Programs Department

SCANNED at LSP and Emailed
7/14/17 by CM . 28 pages
date        initials   No.

## IN THE
## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

NO.: 17-5948 E(5)

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    JUL 1 4 2017
         WP

WILLIAM W. BLEVINS
CLERK

**Harold Bunch,**
*PETITIONER*

**VERSUS**

**Darrel Vannoy,**
*RESPONDENT*

---

## MOTION FOR LEAVE TO FILE AN AMENDMENT
## TO PENDING FEDERAL HABEAS PETITION
## SO AS TO AVOID DUPLICATIVE FILINGS

---

RESPECTFULLY SUBMITTED:

Harold Bunch #~~~~~~ 586582
CBA U/L #6
LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA 70712

Fee
Process
X  Dktd
CtRmDep
Doc. No.

Harold Bunch                      *        U.S. Eastern Dist. Of Louisiana
    *Petitioner*

versus                            *

Darrel Vannoy, Warden             *
    *Respondent/Custodian*          Filed: _____
                                  *

## MOTION FOR LEAVE TO FILE AMENDMENT/SUPPLEMENT TO PENDING APPLICATION FOR FEDERAL HABEAS CORPUS RELIEF AND MEMORANDUM OF LAW IN SUPPORT

NOW COMES, Harold Bunch, who for the following reasons to wit, asks this Honorable Court to allow his to file an Amendment to his pending Application For Federal Habeas Corpus Relief and Memorandum of Law in Support.

**1.)**

Petitioner contends that in his haste to be timely in presenting his timely filing of his Federal Habeas Application and Memorandum of Law, he and the counsel substitute assisting him mis-communicated as to the claims to be included in the petition. Wherein counsel though that petitioner's Motion to Correct an Illegal Sentence was an exhibit, it actually was an independent filing which had achieved exhaustion and needed to be included in the Federal Habeas which is pending before this Honorable court at this time.

**2.)**

Upon Noticing the error petitioner immediately took the instant action in an effort to correct the error. This pleading (the pending habeas petition referenced) has

1

only been pending since June 19, 2017.

### 3.)

## RIGHT TO AMEND THE PLEADING

Harold Bunch, expressly and unequivocally requests that he be given "Leave to Amend/Supplement," the claims from his duly exhausted Motion to Correct an Illegal Sentence and hereby provides the necessary indication of the grounds upon which such an amendment should be permitted. *Rule 15(a)* applies where plaintiffs "expressly requested" to amend even though their request "was not contained in a properly captioned motion paper." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (5th Cir. 1988). A formal motion is not always required, so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought.

The court must construe the complaint liberally, treating all well-pleaded facts as true and indulging in all reasonable inferences in favor of the plaintiff. See *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). Leave to amend a pleading shall be freely given when justice so requires, and should be granted absent some justification for the refusal. *Fed. Rules of Civ. Proc. Rule 15(a), 28 U.S.C.A.*

The liberal amendment policy underlying rule governing amendments to pleadings affords the court broad discretion in granting leave to amend and

2

consequently, a motion for leave to amend should not be denied unless there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party. *Fed. Rules of Civ. Proc. Rule 15(a), 28 U.S.C.A.*

## CONCLUSION

Given the above and foregoing presentation, petitioner prays that this Honorable Court grant him leave to substitute his **Motion for Leave to File Amendment/supplement to Pending Application for Federal Habeas Corpus Relief and Memorandum of Law in Support** with the corrected copy attached hereto.

Respectfully submitted

Harold Bunch

Harold Bunch
#~~306083~~ 586582
La. State Prison
CBA U/L #6
Angola, La. 70712

3

## CERTIFICATE OF SERVICE

I, Harold Bunch, hereby certify that I have forwarded a copy of the above pleading to the District Attorney's Office for the 22nd Judicial District, Parish of Washington on this $\underline{12}$ day of $\underline{July}$ 2017.

*Harold Bunch*

Harold Bunch

4

# IN THE
# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

### ORIGINATING FROM:

TWENTY-SECOND JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA
DOCKET NO: 10-CR8-111246

**Harold Bunch**
*Petitioner*

**VERSUS**

**Darrel Vannoy, WARDEN**
**LA. STATE PENITENTIARY**
*Respondent*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AMENDMENT/SUPPLEMENT OF**
APPLICATION FOR FEDERAL HABEAS CORPUS RELIEF
WITH MEMORANDUM OF LAW IN SUPPORT AND
REQUEST FOR AN EVIDENTIARY HEARING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**HABEAS BRIEF FILED ON BEHALF OF**
**Harold Bunch, Jr. - PETITIONER**

RESPECTFULLY SUBMITTED:

**Harold Bunch, #586582**
**GENERAL DELIVERY**
**LA. STATE PENITENTIARY**
**ANGOLA, LA 70712**

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**Harold Bunch, Petitioner**

**VERSUS**

**Darrel Vannoy, Warden**
**Louisiana State Penitentiary, ET AL.**
      **Respondent(s)**

DOCKET NO. _____

FILED: _____

_____
    **CLERK OF COURT**

## AMENDMENT AND SUPPLEMENT TO PETITION CHALLENGING AN UNCONSTITUTIONAL ORDER FOR PETITIONER'S CONTINUED ILLEGAL CUSTODY (FEDERAL HABEAS RELIEF WARRANTED)

### PRESENTATION OF THE BRIEFED AMENDED/SUPPLEMENTAL ISSUES:

NOW INTO THE COMES, **Harold Bunch**, petitioner hereinafter, before this Honorable United States District Court for the Eastern District of Louisiana challenging the state trial court's Judgements as to claims raised on behalf of petitioner during his direct appeal exhaustion process and the exhaustion of his post conviction remedies. Pursuant to the **5th the United States Constitution** and other law(s) set forth below, petitioner avers that his request for Collateral Relief should have been granted by the trial court. In the alternative, testimony should have been taken on whether petitioner's application was immunized against procedural bars due to the substantive nature of the claims raised.

### AMENDMENT OF FEDERAL HABEAS PETITION TO INCLUDE THE FOLLOWING CLAIM(S)

### DEPRIVATION OF 5th AMENDMENT PROTECTION DURING MULTIPLE OFFENDER GUILTY PLEA PROCEEDINGS

Petitioner hereby presents to this Honorable Court his Amendment and Supplemental Claim to his pending Federal Habeas Corpus Application and Memorandum of Law in Support. At the time

1

of petitioner's Multiple offender proceedings, the law in effect at that time demanded that pursuant the 5th Amendment of the United States Constitution, the presiding trial judge was constitutionally obligated to inform petitioner of his *5th Amendment* right to remain silent and said court failed to do so and this rendered the adjudication as a multiple offender invalid as a matter of law.*Boykin v. Alabama*, 395 U.S. 238, 89 S.CT.1709, 23 L.Ed.2d 274 (1969).

Secondly, the trial court erroneously sentenced petitioner as a multiple offender for an offense not included int the Multiple Offender Bill of Information and further failed to sentence petitioner to a term of hard labor.

## ARGUMENT

Pursuant to the sentencing transcript in this case dated October 10, 2011, at the original Sentencing Hearing, the district Attorney filed a Multiple offender Bill of information on only the Armed Robbery conviction Docket No. 10-CR8-111246 and an alleged conviction from Mississippi for Grand Larceny. No other conviction was alleged in the Multiple Offender Bill. See Original Sentencing Transcript page 362 - Record page 440.

Petitioner contends that on November 21, 2011, a hearing was held on the multiple Offender bill wherein the State did not present any evidence. See Relevant parts of the transcript of the Multiple Bill Hearing record page 458.

**The Court:**

> The purpose of that hearing would be to determine that you are one and the same person who was, who plead guilty to grand larceny in Mississippi. You understand that?

**Mr. Bunch:**

> Nod head affirmatively

**The Court:**

2

And it's your intention here, rather than having a hearing that you want to acknowledge and admit that fact; is that correct?

**Mr. Bunch:**

Yes sir.

**The Court:**

All right, so you are waving a hearing. Do you understand that you would have the right to have your counsel assist in that hearing, correct?

**Mr. Bunch:**

Yes sir.

**The Court:**

And you are waiving that as well?

**Mr. Bunch:**

Yes sir.

**The Court:**

All right. Based on the acknowledgment of the defendant, stipulation of counsel, I find that Mr. bunch is one and the same person who plead guilty in No. O45034-00, Hinds County Mississippi on February 22nd, 2005, and therefore, find him to be a second felony offender as alleged in the habitual offender bill

Since there are no delays applicable to the habitual offender bill at this time the court is going to set aside and vacate the earlier sentence which was 30 years on the armed robbery and five years on the enhancement. That sentence will be set aside and vacated.

I am now entering a sentence of 35 years of the habitual offender bill. That sentence is to be served without the benefit of probation, parole, or suspension of sentence.

Defendant contends that at the time of his Multiple Offender Bill hearing, the **LAW** required the trial judge to advise him of his right to remain silent and that right must be waived because the court cannot accept the guilty plea until such right is waived.

3

In *State v. Hubbard*, 104 So.3d 594 (La. App. 5th Cir. 2012), the Court held:

> "Trial court's failure to advise defendant of his right to remain silent at hearing on State's multiple bill rendered invalid adjudication as multiple felony offender that was based solely on defendant admission of prior felony, . . . Trial court must advise a defendant of his right to remain silent before accepting the defendant's stipulation to the allegation of the multiple offender bill. U.S.C.A. Const. Amend. 5th; LSA-R.S. 15:529.1

Defendant contends that the United States Constitution is controlling pursuant the *5th Amendment of the United States Constitution* and the United States Supreme Court decision in *Boykin v. Alabama* demands that the accused be fully advised of his rights prior to that acceptance of any guilty plea. At the time the sentence was imposed, the State of Louisiana and the trial court was acting under the operation of **Boykin v. Alabama,** although they failed to comply therewith.

## UN-CHARGED OFFENSE

Petitioner contends that the State of Louisiana never filed a Multiple-Offender bill of information alleging a violation of *La. R.S. 14:64.3*, which is a firearm offense which carries an additional 5 year sentencing penalty. Despite the absence of the charge, the trial court vacate the original sentence and sentenced petitioner as a multiple offender to thirty (30) years for the Armed Robbery and then the 5 years for the use of the firearm under **La. R.S. 14:64.3** which was never charged by the state. That is illegal for the judge to create his own charges and impose an additional sentence for a non-charged offense. Where the record bares true that although there was a charge of armed robbery, there never was the additional charged offense of *La. R.S. 14:64.3* included in the multiple Bill of Information.

## ABSENCE OF A SENTENCE OF HARD LABOR

Petitioner furthers that the trial court failed to sentence the petitioner to a term of hard labor, thus, rendering the 35 year sentence illegal. See *State v. Boyd*, 649 So.2d 80.

4

Petitioner brings to this Honorable Court's attention that there is a conflict between the transcript of the hearing and the minutes of the court. And under Louisiana applications of both Federal Standards in this realm, the case of *State v. Spradley*, 722 So.2d 63 (La. App. 1st. Cir. 1998) wherein it is declared that, when such a conflict exists, "The transcript must prevail."

## TIMELINESS OF PETITIONER'S MOTION TO CORRECT AN ILLEGAL SENTENCE DURING EXHAUSTION BEFORE THE STATE COURT'S

Petitioner urges that the State of Louisiana recognizes in as much as the Federal Judiciary that a sentence imposed can be both violative of the Federal and State Constitutions. In light of this premise, the State of Louisiana has declared in *La.C.Cr.P. Art. 882*, that "Illegal sentence as a habitual offender can be filed at any time under *La.C.Cr.P. art. 882*."

**Exhibits are:**

Exhibit #1-    October 10, 2011 Multiple Offender Hearing transcript Records pages 426, 440
Exhibit #2-    November 21, 2011, Multiple Offender Bill Transcript Records Pages 453 through 452

### CONCLUSION

Petitioner concludes by stating that he has made the requisite showing under to his entitlement to Federal Habeas Relief. Petitioner has met his burden of proof under *§2254* that his claims contain constitutional violations to support the nullification of convictions and sentence as they have been obtained in violation of the United States Constitution.

Wherefore, petitioner prays that this court vacate his unconstitutional convictions, sentence, and order for his continued custody and remand the matter to the trial court for a new trial, or order an Evidentiary Hearing, and appoint counsel to settle the allegations set forth above.

RESPECTFULLY SUBMITTED:

Harold Bunch #586582
CBA U/R #9, LA. STATE PENITENTIARY
ANGOLA, LA 70712

5

## CERTIFICATE OF SERVICE

I, Harold Bunch, hereby certify that I have forwarded a copy of the above pleading to the District Attorney's Office for the 22nd Judicial District, Parish of Washington on this ⟨2⟩ day of _____ 2017.

Harold Bunch

Harold Bunch

6

STATE OF LOUISIANA

VS.

HAROLD J. BUNCH

NO. 10-CR8-111246

22nd JUDICIAL DISTRICT COURT

PARISH OF WASHINGTON

STATE OF LOUISIANA

FILED _____
                    CLERK

## MOTION TO CORRECT ILLEGAL SENTENCE

NOW INTO COURT comes Defendant;

Pursuant to La. C.Cr.P. Art. 882 a motion to correct an illegal sentence can be filed at any time. See *State ex rel Johnson v. Day*, (92-0122 La. 5/13/94); 637 So.2d 1062.

### ERROR

Trial court failed to apply the law in effect at the time of the crime when the court failed to advise Defendant of his United States Constitution Amendment 5th Right to Remain Silent before pleading guilty to the State's Multiple Offender Bill rendered invalid adjudication as multiple offender and the trial court erroneously sentenced Defendant as a multiple offender for an offense not included in the Multiple Offender Bill of Information and also failed to sentence Defendant to hard labor.

### ARGUMENT

Pursuant to Sentence Transcript of October 10, 2011, at the Original Sentence Hearing, the District Attorney filed a Multiple Offender Bill of Information only on the Armed Robbery conviction Docket No. 10-CR8-111246 and a alleged conviction from the State of Mississippi for grand larceny. No other conviction was alleged in the Multiple Offender Bill. See Original Sentence Transcript page 362 – Record page 440.

Defendant contends that on November 21, 2011, a hearing was held on the Multiple Offender Bill the State did not present any evidence. See Relevant parts of the Transcript of the Multiple Bill Hearing Record page 458.

> The Court:
>     The purpose of that hearing would be to determine that you are one and the same person who was, who pled guilty to grand larceny in Mississippi. You understand that?

1

Mr. Bunch:
>Nod head affirmatively

The Court:
>And it's your intention here, rather that having a hearing that you want to acknowledge and admit that fact; is that correct?

Mr. Bunch:
>Yes, sir

The Court:
>All right, so you are waiving a hearing. Do you understand that you would have the right to have you counsel assist in that hearing correct?

Mr. Bunch:
>Yes, sir

The Court:
>All right, so you are waiving a hearing. Do you understand that you would have the right to have your counsel assist in that hearing, correct?

Mr. Bunch:
>Yes, sir

The Court:
>And you are waiving that as well?

Mr. Bunch:
>Yes, sir

The Court:
>All right. Based on the acknowledgment of the defendant, stipulation of counsel, I find that Mr. Bunch is one and the same person who pled guilty in No. 045034-00, Hinds County, Mississippi on February 22nd, 2005, and, therefore, find him to be a second felony offender as alleged in the habitual offender bill.
>Since there are no delays applicable to the habitual offender bill at this time the court is going to set aside and vacate the earlier sentence which was a 30 years on the armed robbery and five years on the enhancement. That sentence will be set aside and vacated.
>I am now entering a sentence of 35 years of the habitual offender bill. That sentence is to be served without benefit of probation, parole or suspension of sentence.

Defendant contends at the time of his Multiple Offender Bill hearing, the **LAW** required the Trial Judge to advise him of the right to remain silent and that right must be waived because the court cannot accept the guilty plea until such right is waived.

See *State v. Hubbard*, 103 So.3d 594 (La. App. 5th Cir. 2012); the Court held: Trial court's failure to advise defendant of his right to remain silent at hearing on State's multiple bill rendered invalid adjudication as multiple felony offender that was based solely on defendant

admission of prior felony conviction, . . . Trial court must advise a defendant of his right to remain silent before accepting the defendant stipulation to the allegation of the multiple offender bill. U.S.C.A. Const. Amend. 5Th; LSA-R.S. 15:529.1

Defendant contends the State never filed a Multiple Bill of Information as to the charged conviction La. 14:64.3 use of firearm additional penalty of 5 years. However, the trial court vacated that sentence and sentenced Defendant as a multiple offender on the 30 years armed robbery and the 5 years. That is also illegal. Where the violation of Armed Robbery – La. R.S. 14:64.3 use of firearm, was not included in the Multiple Bill of Information.

Furthermore, the trial court failed to sentence the Defendant to hard labor rendering the 35 year sentence illegal. See *State v. Boyd*, 649 So.2d 80.

Defendant contends where there is a conflict between the transcript and the court minute. See *State v. Spradley*, 722 So.2d 63 (La. App. 1st Cir. 1998). *Transcript Prevail.*

See *State v. Leblanc*, 156 So.3d 1168 (La. 2015); the Louisiana Supreme Court held: illegal sentence as a habitual offender can be filed at any time under La. C.Cr.P. Art. 882.

See Attached October 10, 2011 Multiple Bill Transcript Records pages 426, 440 and the November 21, 2011 Multiple Bill Hearing Transcript Records pages 453 through 462. Attached as Exhibit 1 & 2.

CONCLUSION

WHEREFORE, the foregoing reason assigned this Motion should be granted and the Multiple Offender Adjudication and Sentence be vacated and the case remanded for resentencing.

Respectfully submitted:

Harold Bunch

Harold Bunch #586582
Camp J
Louisiana State Prison
Angola, Louisiana  70712

3

## CERTIFICATE OF SERVICE

I defendant certify that a copy of this Motion to Correct An Illegal Sentence has been

served upon the District Attorney's Office at 905 Pearl St., Franklinton, Louisiana 70438, on

this ___10___ day of ___Feb_____, 2016.

Harold Bunch #586582

Order

Denied. Petitioner was advised
of the essential rights, including the
right to stand mute as to an allegations.

Scott Gardner

April 7, 2016

A True Copy of Original
This _4-14-16_
T. Speers
by Clerk of Court

Serve petitioner

4

TWENTY-SECOND JUDICIAL DISTRICT COURT

PARISH OF WASHINGTON

STATE OF LOUISIANA

COPY

STATE OF LOUISIANA

VERSUS                          NO. 10-CRB-111246

HAROLD J. BUNCH

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

TRANSCRIPT OF PROCEEDINGS taken before
the Honorable William J. Crain, Judge
Presiding, Division G, Twenty-Second Judicial
District Court, Parish of Washington,
State of Louisiana, on **October 10, 2011,** in
Franklinton, Louisiana.

SENTENCING

VOLUME III

APPEARANCES:

LEWIS V. MURRAY, III, ESQ.
(ASSISTANT DISTRICT ATTORNEY)

JAMES S. KNIGHT, ESQ.
(FOR HAROLD J. BUNCH)

REPORTED BY:

Theresa Trapani, CCR
Official Court Reporter
Certificate No. 93047

EXhibit 1

421

1          All right.

2              "Twenty-Second Judicial District

3     Court, October term, 2011, to the

4     Honorable, the Twenty-Second Judicial

5     District Court of Louisiana, sitting in

6     and for the Parish of Washington, comes

7     now into open court the undersigned

8     District Attorney of the Twenty-Second

9     Judicial District of Louisiana, in the

10    name and by the authority of said State

11    informs this Honorable Court: One, that

12    Harold Bunch, date of birth, 5/7/85;

13    Social Security, 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; 542 Elliot

14    Street, Bogalusa, Louisiana 70427; late of

15    the Parish of Washington, on the 5th day

16    of October, in the year of our Lord 2011,

17    in the Parish of Washington, aforesaid,

18    and within the jurisdiction of the

19    Twenty-Second Judicial District Court of

20    Louisiana, for the Parish of Washington,

21    was found guilty of armed robbery by

22    violating Revised Statute 14:64 under

23    Docket No. 10-CR8-111246, on the docket of

24    this court on August 4, 2011, and was

25    previously convicted of the following

26    felonies:

27              "1) on February 22, 2005, pled

28    guilty to grand larceny, violating

29    Mississippi Revised Statute 97:17-41,

30    under Docket No. 04-5-034-00, on

31    February 22, 2005, in County of Hinds,

32    Seventh Circuit District Court, State of

362

440

Mississippi, and was sentenced to serve
ten years with the Mississippi Department
of Corrections; that the said Harold Bunch
who was charged and convicted in the above
described felony violation is the same
person that in accordance with the
provisions of Revised Statute 15:529.1,
the said Harold Bunch should be adjudged a
habitual offender and sentenced as a
second felony offender, contrary to the
form of the statutes of the State
Louisiana in such cases made and provided
and against the peace and dignity of the
same;

"Signed, Assistant District
Attorney, Parish of Washington,
Twenty-Second Judicial District of
Louisiana."

That is the reading of the habitual
offender bill.  Mr. Bunch, you have the
right to either stand mute on those
charges, plead not guilty or plead guilty
as a second offender felony offender.

What do you choose to do?  How do
you choose to plead?

MR. KNIGHT:

Not guilty, Judge.

THE COURT:

All right.  The defendant has pled
not guilty.  I would also add, sir, that
you have a right to a trial in connection
with this matter.  At that trial you have

441

1         a right to be represented by counsel.  The
2         purpose of that trial will be to determine
3         that you are one and the same person who
4         was not only convicted in the case that is
5         before me and that you were sentenced on
6         today, but also one and the same person
7         who was convicted or pled guilty on
8         February 22, 2005, to grand larceny in the
9         state of Mississippi.
10            The purpose, again, would be to
11        determine that you are one and the same
12        person.  And I believe that that covers
13        all of the different things that you are
14        to be notified of.
15            At this time, the Court will set
16        this matter for hearing on the multiple
17        offender bill for my next motion date --
18        which would be in November?  Let's make
19        sure.
20    THE MINUTE CLERK:
21            The 10th.
22    MR. MURRAY:
23            It's going to be the 21st.
24    THE COURT:
25            November 21st is my next motion
26        date, that's the arraignment date?
27    MR. MURRAY:
28            It's an arraignment and motion date.
29    THE COURT:
30            So that matter will be set for
31        hearing on the multiple offender bill for
32        November 21st.

442

1

CERTIFICATE

2

3            I, THERESA TRAPANI, CCR, do hereby

4       certify that the above and foregoing is a true

5       and correct transcription of proceedings had

6       before the Honorable William J. Crain, Judge

7       Presiding, Division G, Twenty-Second Judicial

8       District Court, Parish of Washington, State of

9       Louisiana, on October 10, 2011, to the best of

10      my ability and understanding.

11

12                          Theresa Trapani

13            OFFICIAL SEAL
              THERESA TRAPANI            THERESA TRAPANI, CCR
              Certified Court Reporter
14      in and for the State of Louisiana
        Certificate Number  93047        OFFICIAL COURT REPORTER
        Certificate expires 12-31-12

15                                        CERTIFICATE NO. 93047

16

17

18

19                    CERTIFICATE OF FILING

20

21            I hereby certify that the foregoing

22      transcript has been submitted to the Clerk

23      of Court's Office for filing into the record

24      on the ____29th____ day of __February__ 2012.

25

26                           Theresa Trapani

27                    THERESA TRAPANI, CCR

28                    OFFICIAL COURT REPORTER

29

30

31

32

149

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

TWENTY SECOND JUDICIAL DISTRICT COURT

PARISH OF WASHINGTON

STATE OF LOUISIANA

COPY

STATE OF LOUISIANA

VERSUS

HAROLD J. BUNCH

NO. 10-CR8-111246

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

TRANSCRIPT OF PROCEEDINGS taken before
the Honorable William J. Crain, Judge
Presiding, Division G, Twenty Second Judicial
District Court, Parish of Washington,
State of Louisiana, on **November 21, 2011**, in
Franklinton, Louisiana.

APPEARANCES:

        LEWIS V. MURRAY, III, ESQ.
        (ASSISTANT DISTRICT ATTORNEY)

        JAMES S. KNIGHT, ESQ.
        (FOR HAROLD J. BUNCH)

REPORTED BY:

        Theresa Trapani, CCR
        Official Court Reporter
        Certificate No. 93047

Exhibix 2

453

.4



1               All right.

2               "Twenty-Second Judicial District

3      Court, October term, 2011, to the

4      Honorable, the Twenty-Second Judicial

5      District Court of Louisiana, sitting in

6      and for the Parish of Washington, comes

7      now into open court the undersigned

8      District Attorney of the Twenty-Second

9      Judicial District of Louisiana, in the

10     name and by the authority of said State

11     informs this Honorable Court:  One, that

12     Harold Bunch, date of birth, 5/7/85;

13     Social Security, 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; 542 Elliot

14     Street, Bogalusa, Louisiana 70427; late of

15     the Parish of Washington, on the 5th day

16     of October, in the year of our Lord 2011,

17     in the Parish of Washington, aforesaid,

18     and within the jurisdiction of the

19     Twenty-Second Judicial District Court of

20     Louisiana, for the Parish of Washington,

21     was found guilty of armed robbery by

22     violating Revised Statute 14:64 under

23     Docket No. 10-CR8-111246, on the docket of

24     this court on August 4, 2011, and was

25     previously convicted of the following

26     felonies:

27            "1) on February 22, 2005, pled

28     guilty to grand larceny, violating

29     Mississippi Revised Statute 97:17-41,

30     under Docket No. 04-5-034-00, on

31     February 22, 2005, in County of Hinds,

32     Seventh Circuit District Court, State of

440

1     Mississippi, and was sentenced to serve
2     ten years with the Mississippi Department
3     of Corrections; that the said Harold Bunch
4     who was charged and convicted in the above
5     described felony violation is the same
6     person that in accordance with the
7     provisions of Revised Statute 15:529.1,
8     the said Harold Bunch should be adjudged a
9     habitual offender and sentenced as a
10    second felony offender, contrary to the
11    form of the statutes of the State
12    Louisiana in such cases made and provided
13    and against the peace and dignity of the
14    same;

15         "Signed, Assistant District
16    Attorney, Parish of Washington,
17    Twenty-Second Judicial District of
18    Louisiana."

19         That is the reading of the habitual
20    offender bill.  Mr. Bunch, you have the
21    right to either stand mute on those
22    charges, plead not guilty or plead guilty
23    as a second offender felony offender.

24         What do you choose to do?  How do
25    you choose to plead?

26   MR. KNIGHT:

27         Not guilty, Judge.

28   THE COURT:

29         All right.  The defendant has pled
30    not guilty.  I would also add, sir, that
31    you have a right to a trial in connection
32    with this matter.  At that trial you have

363

441

1       a right to be represented by counsel. The
2       purpose of that trial will be to determine
3       that you are one and the same person who
4       was not only convicted in the case that is
5       before me and that you were sentenced on
6       today, but also one and the same person
7       who was convicted or pled guilty on
8       February 22, 2005, to grand larceny in the
9       state of Mississippi.
10              The purpose, again, would be to
11      determine that you are one and the same
12      person. And I believe that that covers
13      all of the different things that you are
14      to be notified of.
15              At this time, the Court will set
16      this matter for hearing on the multiple
17      offender bill for my next motion date --
18      which would be in November? Let's make
19      sure.
20  THE MINUTE CLERK:
21          The 10th.
22  MR. MURRAY:
23          It's going to be the 21st.
24  THE COURT:
25          November 21st is my next motion
26      date, that's the arraignment date?
27  MR. MURRAY:
28          It's an arraignment and motion date.
29  THE COURT:
30          So that matter will be set for
31      hearing on the multiple offender bill for
32      November 21st.

442

CERTIFICATE

I, THERESA TRAPANI, CCR, do hereby
certify that the above and foregoing is a true
and correct transcription of proceedings had
before the Honorable William J. Crain, Judge
Presiding, Division G, Twenty-Second Judicial
District Court, Parish of Washington, State of
Louisiana, on October 10, 2011, to the best of
my ability and understanding.

THERESA TRAPANI, CCR
OFFICIAL COURT REPORTER
CERTIFICATE NO. 93047

CERTIFICATE OF FILING

I hereby certify that the foregoing
transcript has been submitted to the Clerk
of Court's Office for filing into the record
on the 29th day of February 2012.

THERESA TRAPANI, CCR
OFFICIAL COURT REPORTER

449